USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1236 UNITED STATES, Appellee, v. AMADOR IRIZARRY-SANABRIA, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ _____________________ J. Michael McGuinness, by Appointment of the Court, for ______________________ appellant. Jos A. Quiles-Espinosa, Senior Litigation Counsel, with ________________________ whom Guillermo Gil, United States Attorney, and Nelson P rez- ______________ ______________ Sosa, Assistant United States Attorney, were on brief for ____ appellee. ____________________ August 22, 1996 ____________________ Per curiam. Defendant-Appellant Amador Irizarry- Per curiam. ___________ Sanabria pled guilty to conspiracy to import marijuana into the United States, in violation of 21 U.S.C. 952 & 963. For the reasons stated herein, we affirm. BACKGROUND BACKGROUND Irizarry-Sanabria was indicted in March of 1993 and pled not guilty at his arraignment. His motion to dismiss on double jeopardy grounds, premised on a previous conviction of conspiracy to import marijuana,1 was denied. In October 1993, Irizarry-Sanabria entered a change of plea to guilty pursuant to a plea agreement. In December 1993, he filed a pro se motion _______ seeking a withdrawal of that plea; his counsel filed a motion in support of the pro se motion and memorandum of law in February ______ 1994. The district court denied the motion to withdraw plea, without an evidentiary hearing. Irizarry-Sanabria was sentenced to 121 months imprisonment. DISCUSSION DISCUSSION A. Motion to Withdraw Guilty Plea A. Motion to Withdraw Guilty Plea ______________________________ We review the court's refusal of Irizarry-Sanabria's motion to withdraw his guilty plea, made prior to sentencing, for abuse of discretion. See United States v. Tilley, 964 F.2d 66, ___ _____________ ______ 72 (1st Cir. 1992). To prevail, Irizarry-Sanabria must persuade the court that he has shown a "fair and just reason" for his request. Fed. R. Crim. P. 32(e). We follow an establishedtest:  ____________________ 1 His conviction for the first conspiracy was affirmed by this court in United States v. And jar, 49 F.3d 16 (1st Cir. 1995). _____________ _______ -2- A court must consider several factors in weighing whether a defendant meets this burden, the most significant of which is whether the plea was knowing, voluntary and intelligent within the meaning of [Federal Rule of Criminal Procedure] 11. The other factors include: 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had reached a plea agreement.  United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996) (quoting _____________ ____ United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir.), cert. _____________ ____________ _____ denied, __ U.S. __, 116 S. Ct. 94 (1995) (citation omitted)). If ______ defendant meets the rigors of this test, we evaluate whether the government will suffer any demonstrable prejudice. See id.  ___ ___ First, we find, and counsel for defendant admitted at oral argument, that the Rule 11 plea colloquy was thorough and comprehensive. Irizarry-Sanabria argues that his plea was nonetheless not knowing, voluntary and intelligent because it was made under duress, due to the pressure of his attorney. However, during the colloquy, Irizarry-Sanabria denied that he had been coerced to accept the plea bargain, acknowledged that he had discussed its terms with counsel, and affirmed that he was satisfied with his legal representation. "Such statements in open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Mart nez-Molina, 64 F.3d 719, 733 ______________ _______________ (1st Cir. 1995) (quoting Blackledge v. Allison, 431 U.S. 63, 74 __________ _______ (1977)). The pro se motion offers nothing more than a conclusory ______ -3- statement that the plea was "made under duress, due to the urgency and pressure of all the [co-defendants'] attorneys of this case," including Irizarry-Sanabria's counsel. In denying the motion, the district court noted that Irizarry-Sanabria was informed at the change of plea hearing that he could proceed to trial that same day if he chose, and commented that he was "alert, calm, confident and knowledgeable of his rights," and "never showed any hesitancy or reservation about his desire to plead guilty." Order at 6. In these circumstances, where we have a thorough, comprehensive Rule 11 colloquy on one hand, and a naked conclusory claim of duress unsupported by any allegations of fact on the other, we find that Irizarry-Sanabria's eleventh- hour claim of duress lacks merit, and accordingly find that his plea was made knowingly, voluntarily and intelligently within the meaning of Rule 11. Our second factor weighs the force and plausibility of the proffered reasons. We have already weighed the duress claim; we briefly examine Irizarry-Sanabria's other asserted reasons. First, Irizarry-Sanabria claims he is innocent, and that he could prove it, without specifying anything regarding the nature of such proof. At the same time, during the change of plea hearing he corrected the court's account of the events of the conspiracy several times, clarifying what his participation had been. In such circumstances, we find that the district court did not abuse its discretion by "refusing to give weight to a self-serving, unsupported claim of innocence." United States v. Ramos, 810 ______________ _____ -4- F.2d 308, 313 (1st Cir. 1987) (finding that defendant's claim of innocence lacked merit where he did not assert innocence at change of plea hearing and did not substantiate his claim of exculpatory evidence); see Isom, 85 F.2d at 837 (rejecting ___ ____ defendant's pro se motion asserting innocence where no ________ information was provided regarding alleged exculpatory evidence, and defendant provided specific information regarding the events of the crime at Rule 11 hearing).  Second, Irizarry-Sanabria's claim that he did not have access to the files on the case gives us little pause, given the thoroughness of the Rule 11 hearing and the fact that Irizarry- Sanabria does not offer any indication of what he expects to find in the files, or what prejudice he has suffered. Similarly, his claim that his requests for legal assistance "in this matter" -- presumably, his motion and claim of innocence and duress -- had been to no avail is unconvincing, as his attorney followed up the pro se motion with a motion in support and memorandum of law.  ______ As for the timing of the motion, almost two months elapsed between the change of plea hearing on October 21, 1993, and Irizarry-Sanabria's pro se motion of December 15, 1993. We _______ have previously found that such a delay weighs against defendant's position.2 See, e.g., Isom, 85 F.3d at 839 (two- ___ ____ ____  ____________________ 2 Appellant argues that this measure ignores the fact that Irizarry-Sanabria's change of heart undoubtedly occurred at some time prior to the date of service. Nonetheless, in such cases we take as our measure the date of the motion to withdraw the plea, regardless of when the defendant's subjective decision was actually made. See Isom, 85 F.3d at 838-39 (collecting cases). ___ ____ -5- month delay); United States v. Pellerito, 878 F.2d 1535, 1541 _____________ _________ (1st Cir. 1989) (eight week delay); United States v. Crosby, 714 _____________ ______ F.2d 185, 192 (1st Cir. 1983) (eight week delay), cert. denied, ____________ 464 U.S. 1045 (1984). As for the final two factors, we note, first, that Irizarry-Sanabria has claimed his innocence. Nonetheless, "the mere protestation of legal innocence cannot in and of itself be issue-determinative." United States v. Kobrosky, 711 F.2d 449, ______________ ________ 455 (1st Cir. 1983). Second, the parties reached a plea agreement, which neither alleges has been broken. As our analysis of all the factors weighs heavily in favor of the district court's decision, we need not address whether granting the motion would result in prejudice to the government before affirming the decision below. Irizarry-Sanabria asserts that the district court erred in denying him an evidentiary hearing to factually bolster his claims. However, we note that evidentiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) ______________ ______ (citations omitted). Irizarry-Sanabria's naked conclusory statements offer us no basis for finding that the district court abused its discretion in not holding an evidentiary hearing on -6- his claims. See, e.g., Ramos, 810 F.2d at 314; Kobrosky, 711 ___ ____ _____ ________ F.2d at 457; see also Isom, 85 F.3d at 838 (collecting cases). ________ ____ On appeal, counsel for defendant argues that "most individuals" are too intimidated by the circumstances of a Rule 11 plea colloquy to stop and tell the court that they have been coerced into pleading guilty. Such generalizations do not persuade us that the district court abused its discretion in making its decision -- a decision "facilitated because the judge has overseen pretrial proceedings, conducted the Rule 11 inquiries, accepted the original guilty plea, and heard at first hand the reasons bearing upon its withdrawal." Pellerito, 878 _________ F.2d at 1538. Indeed, the fact that during the Rule 11 colloquy Irizarry-Sanabria corrected the court's account of the events on several points belies the image of a timid defendant. We are given more pause by appellant's contention, made at oral argument, that a potential conflict arises because the counsel who Irizarry-Sanabria alleges put him under duress also helped him litigate the motion for withdrawal of his guilty plea. However, in this circumstance, where we have a complete and detailed plea colloquy, a detailed order denying the motion, and only the most sparse allegations on the part of Irizarry- Sanabria, we cannot find that the district court abused its discretion, even taking into account the pro se nature of _______ Irizarry-Sanabria's motion. B. Double Jeopardy Claims B. Double Jeopardy Claims ______________________ Irizarry-Sanabria next argues that the district court -7- erred in failing to dismiss the indictment against him because he had previously been found guilty in a case involving the same conspiracy. He alleges that the indictment in this case amounts to prosecuting a single conspiracy as two separate conspiracies, in violation of his double jeopardy guarantee. However, we find that under Local Rule 510.2 of the District of Puerto Rico, he has waived this argument by failing to object to the magistrate judge's report and recommendation in writing within ten days, as the report and recommendation warned. See United States v. ___ _____________ Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (after proper _______________ notice, failure to file a specific objection to magistrate's report will waive the right to appeal); see, e.g., Henley ___ ____ ______ Drilling Co. v. McGee, 36 F.3d 143, 151 (1st Cir. 1994); Borden ____________ _____ ______ v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st ________________________________________ Cir. 1987). Although we acknowledge an appellate court's discretion to excuse waiver "in the interests of justice," see Thomas v. ___ ______ Arn, 474 U.S. 140, 155 & n.15 (1986), in this case we find no ___ basis for such action because we conclude that Irizarry- Sanabria's arguments likely would not prevail on the merits. We weigh five factors in determining whether two charged conspiracy are actually one for double jeopardy purposes: the timing; the personnel; the locations involved; the evidence used; and whether the same statutes were implicated. See United States v. G mez- ___ ______________ ______ Pab n, 911 F.2d 847, 860 (1st Cir. 1990), cert. denied, 498 U.S. _____ ____________ 1074 (1991). The only facts Irizarry-Sanabria points to in -8- arguing that there are two distinct conspiracies here are that they both involve the same amount of marijuana, and that they occurred within several weeks of each other. However, given that it was not the same shipment of marijuana, that it was not the same Colombian supplier, that the only common participants were the defendant and a confidential informant Irizarry-Sanabria introduced to his co-conspirators, and that the importation route was different, see And jar, 49 F.3d at 18-19 (setting out facts), ___ _______ we are hard pressed to see how these two conspiracies would be viewed as one. C. Other Claims C. Other Claims ____________ Irizarry-Sanabria also alleges that the government should have been collaterally estopped from relitigating these issues. However, he does not specify what ultimate fact he contends has been resolved in his favor. Similarly, he argues that his substantive due process rights were violated by prosecution for conduct that he was already convicted of, and that the totality of the trial court's errors and the cumulative effect thereof constituted prejudicial error, depriving him of his due process, both without pointing to any error. To the extent that these arguments have not already been deemed waived under our double jeopardy holding, we now find them waived, as "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. ______________ _______ _____ -9- denied, 494 U.S. 1082 (1990); see, e.g., Damon v. Sun Co., 87 ______ ___ ____ _____ _______ F.3d 1467, 1485 (1st Cir. 1996). CONCLUSION CONCLUSION For the reasons presented above, the decision of the district court is affirmed. affirmed ________ -10-